UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
ERICKA SALTER,                                          Index 1:25-cv-02022-EK-MMH
             Plaintiff,

                                                          **AMENDED COMPLAINT &**
                                                          **JURY TRIAL DEMAND**

-against-

DELTA AIR LINES, INC.,
and ELIZABETH MILLER,
                     Defendant(s).
---------------------------------------------------x

       The Plaintiff, ERICKA SALTER by her attorneys BOHRER & LUKEMAN, P.L.L.C as and for her amended complaint against Defendant, DELTA AIR LINES, INC., and ELIZABETH MILLER, alleges the following upon information and belief:

## PARTIES, JURISDICTION, AND VENUE

       1.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1331, insofar as a federal question is presented pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 (hereinafter "the Montreal Convention").

       2.     Jurisdiction is further appropriate pursuant to 28 U.S.C. 1332 insofar as there exists herein complete diversity of citizenship among the parties and the amount in controversy excludes $75,000 exclusive of interest and costs.

       3.     *In Personam* Jurisdiction and Venue are proper in this district, insofar as the accident giving rise to this cause of action occurred in the City and State of New York, specifically in JFK terminal 4, which is leased and principally occupied by Defendant DELTA AIR LINES, INC. ( hereinafter "DELTA").

       4.     Plaintiff resides in Washington, District of Columbia.

5. Defendant ELIZABETH MILLER resides at 20 Knollwood Avenue, Madison, New Jersey.

6. Defendant DELTA AIR LINES, INC. ("DELTA") is a foreign for-profit corporation incorporated under the laws of the State of Delaware with its principal place of business located in Atlanta, Georgia.

## AS AND FOR A FIRST CAUSE OF ACTION

7. At the time of the events complained of herein, Defendant DELTA was a common carrier engaged in the business of transporting passengers for hire by air.

8. In furtherance of said business, defendant DELTA operates regularly scheduled commercial airline flights to and from New York's John F. Kennedy International Airport, Jamaica, New York. (JFK).

9. Defendant DELTA is the principal tenant of Terminal 4 in JFK.

10. In furtherance of said business, defendant DELTA operates regularly scheduled commercial airline flights to and from JFK Terminal 4.

11. In or about the time of the incident herein, Defendant DELTA sold airline tickets in, operated aircraft to and from, shipped cargo to and from, transacted business within, and thus derived revenue on a daily basis from the State of New York.

12. In or about the time of the incident herein, Defendant DELTA advertised the sale of commercial airline travel in various mediums within the State of New York.

13. In or about the time of the incident herein, Defendant DELTA employed hundreds, if not thousands of individuals throughout the State of New York.

14. In or about the time of the incident herein, Defendant DELTA operated and

maintained multiple ticketing counters within various airports in the State of New York.

15. In or about the time of the incident herein, Defendant DELTA expended significant amounts of money on aviation fuel, catering meals and other aircraft services and supplies on a daily basis within the State of New York.

16. In or about the time of the incident herein, Defendant DELTA rented offices or otherwise occupied real estate within the State of New York.

17. In or about the time of the incident herein, Defendant DELTA transported thousands of passengers daily to and from the State of New York.

18. On or about August 3, 2023, Defendant DELTA operated and controlled a certain jet aircraft ("the subject aircraft") designated as DELTA Flight DL 617 JFK to Bermuda ("the subject flight").

19. On or about August 3, 2023, Defendant DELTA had a duty to ensure that its passengers, including those of the subject flight, boarded its aircraft safely.

20. On or about August 3, 2023, Plaintiff ERICKA SALTER was a fare-paying passenger lawfully boarding the subject aircraft and subject flight.

21. On August 3, 2023, while walking in JFK Terminal 4 in the process of boarding the subject flight, Plaintiff was knocked to the ground and severely injured by Defendant ELIZABETH MILLER, who, upon information and belief, was another DELTA passenger.

22. On August 3, 2023, the aforementioned incident which caused Plaintiff's injuries constituted an accident, namely, an unexpected or unusual event or occurrence external to the Plaintiff, and not from the Plaintiff's internal reaction to the ordinary operation of the aircraft.

23. Defendant DELTA is strictly liable pursuant to Article 17 of the Montreal Convention governing international air travel even if its agents, employees, servants, and/or

contractors were not negligent or complicit in the cause of said accident.

24. As a result of said accident, Plaintiff ERICKA SALTER was injured.

25. As a result of said accident, Plaintiff ERICKA SALTER was seriously injured.

26. As a result of said accident, Plaintiff ERICKA SALTER was permanently injured.

27. As a result of said accident, Plaintiff ERICKA SALTER has suffered severe pain, agony, and mental anguish and in the future will continue to suffer from same.

28. As a result of said accident, Plaintiff ERICKA SALTER suffered economic loss, and in the future shall continue to suffer from same.

29. As a result of said accident, Plaintiff ERICKA SALTER was deprived of her enjoyment of life, pursuits and interests and verily believes that in the future she will continue to be deprived of same.

30. As a result of the foregoing, Defendant DELTA is liable to pay full, fair, and reasonable damages to Plaintiff pursuant to the Montreal Convention.

31. Defendant DELTA cannot meet its burden of proving that its negligence did not cause or contribute to the accident, and to Plaintiff's resultant injuries.

32. Defendant DELTA cannot meet its burden of proving that Plaintiff's injuries were caused solely by the acts of third parties.

### AS AND FOR A SECOND CAUSE OF ACTION

Plaintiff restates and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

33. On August 3, 2023, Plaintiff was walking in JFK Airport Terminal 4 en route to her assigned boarding gate.

34. On August 3, 2023, Defendant ELIZABETH MILLER was a DELTA passenger who

upon information and belief, was also embarking from Terminal 4 at JFK.

35. At the aforesaid time and place Defendant ELIZABETH MILLER was walking at an unreasonably rapid, erratic and unpredictable pace given the heavy pedestrian traffic within Terminal 4.

36. At the aforesaid time and place Defendant ELIZABETH MILLER acted without regard for the safety of others, and for the Plaintiff in particular, and in doing so, struck the Plaintiff and knocking her to the ground.

37. At the aforesaid time and place, Plaintiff was caused to fall due to the negligence, carelessness and/or recklessness of the Defendant, ELIZABETH MILLER who banged into, tripped or otherwise caused the Plaintiff to fall violently onto the ground.

38. Defendant ELIZABETH MILLER owed Plaintiff a duty of reasonable care under the circumstances, including the duty to act prudently while navigating a crowded public area such as Terminal 4 of JFK Airport.

39. Defendant breached her duty of care by negligently, carelessly, and/or recklessly failing to conduct herself like a reasonable person under the circumstances and caused Plaintiff to fall as previously stated.

40. As a result of ELIZABETH MILLER's negligence, carelessness and/or recklessness, Plaintiff ERICKA SALTER was injured.

41. As a result of ELIZABETH MILLER's negligence, carelessness and/or recklessness, Plaintiff ERICKA SALTER was seriously injured.

42. As a result of ELIZABETH MILLER's negligence, carelessness and/or recklessness, Plaintiff ERICKA SALTER was permanently injured.

43. As a result of ELIZABETH MILLER's negligence, carelessness and/or recklessness,

Plaintiff ERICKA SALTER has suffered severe pain, agony, and mental anguish and in the future will continue to suffer from same.

44. As a result of ELIZABETH MILLER's negligence, carelessness and/or recklessness, Plaintiff ERICKA SALTER suffered economic loss, and in the future shall continue to suffer from same.

45. As a result of said ELIZABETH MILLER's negligence, carelessness and/or recklessness, Plaintiff ERICKA SALTER was deprived of her enjoyment of life, pursuits and interests and verily believes that in the future she will continue to be deprived of same.

46. As a direct and proximate result of Defendant ELIZABETH MILLER's negligent, careless, and/or reckless actions, Plaintiff suffered serious and permanent injuries, including physical pain, emotional distress, and financial losses stemming from medical expenses, lost wages, and other related damages.

47. ELIZABETH MILLER acted with reckless disregard for others and thus this action falls within one or more of the exceptions of CPLR 1602.

**WHEREFORE**, Plaintiff respectfully prays that the Court award damages on all counts against Defendants as set forth above, interest as allowed by law, fees, and expenses as allowed by law, and any other relief to do justice.

DATED: NEW YORK, NY
July 10, 2025

BOHRER & LUKEMAN, P.L.L.C.

Abram I. Bohrer, Esq. (AB 4336)
5 Columbus Circle, Suite 1501
New York, NY 10019
Tel. No.: (212) 406-4232
*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff demands a jury trial for all claims stated.